UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **JOELY D. BACHMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-00031-NCC |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of Social Security** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the applications of Joely D. Bachman ("Plaintiff") for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 22) and Defendant has filed a brief in support of the Answer (Doc. 27). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 10).

## I. PROCEDURAL HISTORY

Plaintiff filed her application for SSI on June 7, 2012 (Tr. 239-247). She alleged an onset date of December 28, 2011, later amended to February 28, 2011 (Tr. 239, 261). She had previously filed for SSI and disability insurance benefits ("DIB") in Minnesota in 2007, claiming similar impairments, and that application was denied (Tr. 123-138). In the instant matter, Plaintiff's claim was initially denied on November 9, 2012, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") on January 10, 2013 (Tr. 153, 160). An ALJ held a

hearing on March 18, 2014 (Tr. 85-108). During the course of that hearing, the ALJ determined he had insufficient records to formulate a proper hypothetical question to the vocational expert (Tr. 107). As a result, the ALJ halted the hearing and ordered Plaintiff to undergo consultative examinations with an internist and a psychologist, as well as having her hands and wrists x-rayed (*Id.*). After the results of those additional exams were submitted, the ALJ held a supplemental hearing on September 4, 2014 (Tr. 109-122). After the supplemental hearing, by decision dated September 26, 2014, the ALJ found Plaintiff not disabled (Tr. 13-23). On January 12, 2014, the Appeals Council denied Plaintiff's request for review (Tr. 1-6).

Upon appeal by Plaintiff to the United States District Court for the Eastern District of Missouri, the undersigned reversed and remanded the case on March 27, 2017 (Tr. 706-30). After a second hearing, by decision dated March 8, 2019, a different ALJ found Plaintiff not disabled (Tr. 596-622). The Appeals Council denied Plaintiff's request for review on March 8, 2019 (Tr. 586-592). As such, the ALJ's March 8, 2019 decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 7, 2012, the application date (Tr. 601). The ALJ found Plaintiff has the severe impairments of Factor V deficiency with history of chronic deep vein thrombosis and placement of an inferior vena cava filter, chronic obstructive pulmonary disease ("COPD"), migraines, degenerative joint disease of the cervical spine, hypothyroidism, mild obstructive sleep apnea, spondylosis and osteopenia of the lumbar spine, history of obesity, depression, attention deficit disorder ("ADD"), bipolar disorder, social anxiety disorder, and post-traumatic stress disorder ("PTSD") but that no impairment or combination of impairments met or medically equaled the severity of

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 601-04). After considering the entire record, the ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations (Tr. 604). Plaintiff can frequently reach overhead and in all directions bilaterally (Tr. 604-05). Plaintiff can occasionally climb ramps or stairs, but not ladders, ropes, or scaffolds (Tr. 605). Plaintiff can occasionally balance, stoop, kneel, crouch, or crawl (*Id.*). Plaintiff can never work at unprotected heights, around moving mechanical parts, or operating a motor vehicle as a job duty (*Id.*). She can never work in humidity and wetness, extreme heat, or in vibration (*Id.*). Plaintiff can occasionally be exposed to dust, odors, fumes, and pulmonary irritants (*Id.*). She can work in a moderate noise environment (*Id.*). Plaintiff can perform simple, routine, and repetitive tasks but not at a production pace rate such as an assembly line work (*Id.*). She can make simple work-related decisions (*Id.*). She can have occasional interaction with supervisors and coworkers and no interaction with the general public (*Id.*). The ALJ found Plaintiff did not have any past relevant work but that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as document preparer and addressing clerk (Tr. 612-13). The ALJ specifically also found that the evidence did not indicate any conflicts between occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles (DOT) (Tr. 613).[1] Thus, the ALJ concluded that Plaintiff has not been under a disability from June 7, 2012, through the date of the decision (*Id.*). Plaintiff appeals, arguing a lack of substantial evidence to support the Commissioner's decision.

---

[1] U.S. Department of Labor (4th ed. rev.1991) (hereinafter "DOT"). The Social Security Administration takes administrative notice of the DOT. *See* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).

## III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ

will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past.  20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work.  20 C.F.R. §§ 416.920(g), 404.1520(g).  At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC.  *Steed*, 524 F.3d at 874 n.3.  If the claimant meets these standards, the ALJ will find the claimant to be disabled.  "The ultimate burden of persuasion to prove disability, however, remains with the claimant."  *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).  *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").  Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence.  *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).  *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo.  *Id.*  Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)).  Weighing the evidence is a function of the ALJ, who is the fact-

5

finder.  *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).  Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently.  *Krogmeier*, 294 F.3d at 1022.

## IV. DISCUSSION

In her appeal of the Commissioner's decision, Plaintiff argues that the ALJ's determination that Plaintiff retains the residual functional capacity to perform significant numbers of jobs that exist in the national economy is not supported by substantial evidence.  Specifically, Plaintiff asserts that the two jobs identified by the vocational expert, document preparer (DOT #249.587-018) and addressing clerk (DOT #209.587-010), conflict with the ALJ's determination to limit Plaintiff to simple, routine, and repetitive tasks and simple work-related decisions because they require level 3 and level 2 reasoning, respectively.  Therefore, Plaintiff argues that there is a conflict between the DOT and the vocational expert's testimony and, as such, the vocational expert's testimony cannot constitute substantial evidence upon which that ALJ may rely.  For the following reasons, the Court finds that Plaintiff's arguments are without merit, and that the ALJ's decision is based on substantial evidence and is consistent with the Regulations and case law.

In his opinion, the ALJ determined that, in addition to other limitations, Plaintiff can perform simple, routine, and repetitive tasks and can make simple work-related decisions (Tr. 605).  The ALJ thereafter determined that there were other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including document preparer (DOT #249.587-018) and addressing clerk (DOT #209.587-010) (Tr. 613).  The ALJ specifically also found that the evidence did not indicate any conflicts between occupational evidence provided

6

by the vocational expert and the information in the Dictionary of Occupational Titles (DOT) and cited to Social Security Ruling 00-4p (*Id.*). In doing so, the ALJ relied on the testimony of vocational expert Holly Berquist Neal ("Ms. Neal") (Tr. 659-665).

During the December 6, 2017 hearing, the ALJ presented Ms. Neal with a hypothetical which included the following limitations of an individual: "they would be limited to simple, routine, and repetitive tasks, but not at a production rate pace, like assembly line work; they are limited to simple work-related decisions" (Tr. 662). Ms. Neal testified that Plaintiff could perform the jobs of document preparer (DOT #249.587-018) and addressing clerk (DOT #209.587-010) (*Id.*). Prior to presenting Ms. Neal with this hypothetical, Ms. Neal responded in the affirmative when the ALJ asked, "And do you understand if you give us an opinion which conflicts with the information in the DOT that you need to advise of the conflict and the basis for your opinion?" (Tr. 661). While Ms. Neal addressed other conflicts with the DOT when asked about additional limitations, Ms. Neal did not indicate that there was any conflict with the positions she identified and the DOT (*See* Tr. 659-665). Plaintiff did not raise any objections to Ms. Neal's testimony at the hearing.

At Step Five of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. To that end, Social Security Ruling 00-4p requires an ALJ who takes testimony from a vocational expert about the requirements of a particular job to determine whether that testimony is consistent with the DOT. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). The ALJ must ask the VE if there is a conflict. *Id.* If there is an apparent conflict, the ALJ must then "elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about

whether the claimant is disabled." *Id.* at *2-*3.  The ALJ must also explain in his decision how he resolved the conflict. *Id.* at *3.  Accordingly, "an ALJ cannot rely on expert testimony that conflicts with the job classifications in the [DOT] unless there is evidence in the record to rebut those classifications." *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003) (citing *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir.1997)).

The Court finds that the reasoning requirements of the jobs identified by the VE, and relied upon by the ALJ in his determination, do not create an apparent, unresolved conflict with Plaintiff's RFC.  The jobs of document preparer (DOT #249.587-018) and addressing clerk (DOT #209.587-010) as described in the DOT require reasoning of level 3 and level 2, respectively.  Reasoning level 3 is defined as the ability to: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  DOT 249.587-018.  Reasoning level 2 requires the following abilities: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations."  DOT 209.587.010.  However, there is not an apparent conflict between these reasoning levels and Plaintiff's RFC limiting her to simple, routine, and repetitive tasks and making only simple work-related decisions.  The ALJ did not limit Plaintiff to "simple one- or two- step instructions" or otherwise indicate that Plaintiff could perform only occupations at a Level one reasoning level. *Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) ("The failure to address any potential inconsistency between the RFC's limitation to simple, routine, repetitive work and the DOT's requirement of level three reasoning does not require a remand."). *Cf. Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018) (finding the Commissioner's step five analysis not to be supported by substantial evidence when

8

the hypothetical posed by the ALJ to the vocational expert limited plaintiff to level 1 reasoning, the vocational expert identified jobs with level 2 reasoning, and neither the ALJ nor the vocational expert addressed the apparent conflict); *Thomas v. Berryhill*, 881 F.3d 672, (8th Cir. 2018) (similarly finding the Commissioner's step five analysis warranted remand when the ALJ limited plaintiff to "1 to 2 step tasks" but the vocational expert identified a position with level 3 reasoning and failed to address the apparent conflict). Moreover, the reasoning level definition is an upper limit across all jobs in the occupational category, not a requirement of every job within the category. *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). Indeed, the Eighth Circuit directs the Court to treat the DOT as "generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." *Welsh*, 765 F.3d at 929. When substantial evidence supports the hypothetical and when there is no conflict between the VE's testimony and the DOT, the articulation requirement of SSR 00-4p does not apply. *Moore*, 623 F.3d at 605 ("Because substantial evidence supports the ALJ's phrasing of the hypothetical to the vocational expert, and there was no conflict between the vocational expert's testimony and the DOT, the ALJ properly relied on the testimony."). As such, the Court finds that the ALJ posed a proper hypothetical to the VE; and that the ALJ properly relied on the VE's testimony that there was work existing in significant numbers which Plaintiff could perform. Accordingly, the Court concludes that the ALJ's determination at Step Five is supported by substantial evidence.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED**, with prejudice.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 29th day of September, 2020.

        /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE